UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA L BARRICKS, | \| |
| Plaintiff, | \| |
| v. | \| Case No. 7:23-cv-551 |
| JAMES R. WRIGHT, | \| |
| Defendant. | \| |

ANSWER

Defendant James R. Wright, by counsel, files this Answer to Plaintiff's Complaint:

1. In response to the allegations in Paragraph 1 of the Complaint and its narrative, Wright admits only that the Plaintiff was endangering himself and others by skateboarding on a public roadway in the dark and that the parties contacted each other when the Plaintiff resisted arrest. Wright denies the remaining allegations, including the characterization of the parties' encounter and that he exercised excessive force, acted without legal justification, or was the cause of the Plaintiff's alleged injuries.

2. Upon information and belief, Wright admits the allegations in Paragraph 2 of the Complaint.

3. Wright admits the allegations in Paragraph 3 of the Complaint.

4. Wright admits the allegations in Paragraph 4 of the Complaint.

5. Wright admits the allegations in Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, Wright admits that this Court has subject matter jurisdiction.

7. In response to Paragraph 7 of the Complaint, Wright admits that this Court has subject matter jurisdiction over the Plaintiff's state law claim.

8. In response to Paragraph 8 of the Complaint, Wright admits that this Court has personal jurisdiction over him.

9. In response to Paragraph 9 of the Complaint, Wright admits that Venue is proper in the Western District of Virginia.

10. Wright admits the allegations in Paragraph 10 of the Complaint.

11. Wright admits the allegations in Paragraph 11 of the Complaint.

12. Wright admits the allegations in Paragraph 12 of the Complaint.

13. Wright denies the allegations in Paragraph 13 of the Complaint.

14. Wright admits the allegations in Paragraph 14 of the Complaint.

15. Wright denies the allegations in Paragraph 15 of the Complaint.

16. In response to Paragraph 16 of the Complaint, Wright denies that he wrongfully accused the Plaintiff of public intoxication but admits that the Plaintiff fled, running through the Farm & Fuel store through the seed room and into a locked door.

17. In response to Paragraph 17 of the Complaint, Wright admits that Farm & Fuel's seed room has a surveillance camera but denies that it recorded the entire incident.

18. Upon information and belief, Wright admits the allegations in Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint, Wright admits that the Plaintiff initially raised his hands and kneeled but denies that the Plaintiff surrendered and does not have sufficient information to admit the words the Plaintiff spoke.

20. Wright denies the allegations in Paragraph 20 of the Complaint.

21. Wright denies the allegations in Paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, Wright admits only that he approached the Plaintiff from behind but denies that the Plaintiff surrendered and denies that the Plaintiff placed his hands behind his back.

23. In response to Paragraph 23 of the Complaint, Wright admits only that he did not immediately handcuff the Plaintiff but denies that he had the perfect opportunity to do so.

24. Wright denies the allegations in Paragraph 24 of the Complaint.

25. In response to Paragraph 25 of the Complaint, Wright admits only that he attempted to control the Plaintiff's head with his hand but denies that he did so violently, denies that he exercised excessive force, and denies that he acted without legal justification.

26. In response to Paragraph 26 of the Complaint, Wright admits only that he administered distraction strikes to the Plaintiff but denies all other allegations in Paragraph 26 of the Complaint.

27. In response to Paragraph 27 of the Complaint, Wright admits only that he administered multiple distraction strikes to the Plaintiff but denies all other allegations in Paragraph 27 of the Complaint.

28. Wright admits the allegations in Paragraph 28 of the Complaint.

29. Wright denies all allegations in Paragraph 29 of the Complaint.

30. In response to Paragraph 30 of the Complaint, Wright denies the Plaintiff's characterization of the encounter but admits that at least one eyewitness recorded a portion of the encounter.

31. Wright admits the allegations in Paragraph 31 of the Complaint.

32. Wright admits the allegations in Paragraph 32 of the Complaint.

33. Wright denies the allegations in Paragraph 33 of the Complaint.

34. Wright admits the allegations in Paragraph 34 of the Complaint.

35. Wright does not have sufficient information to admit the allegations in Paragraph 35 of the Complaint and therefore denies them.

36. In response to Paragraph 36 of the Complaint, Wright admits that the Plaintiff's shirt and face had blood on them but denies that it was a result of any wrongful actions by Wright.

37. Wright denies the allegations in Paragraph 37 of the Complaint.

38. Wright denies the allegations in Paragraph 38 of the Complaint.

39. In response to Paragraph 39 of the Complaint, Wright admits that the Plaintiff was charged with public intoxication and that a *nolle prosequi* disposition was entered by the Alleghany County General District Court. Wright denies that the Plaitiff was not tested for intoxication and denies that the Plaintiff was innocent of the charge.

40. In response to Paragraph 40 of the Complaint, Wright admits that the Plaintiff pled guilty to a violation of Va. Code § 18.2-460 (not § 18.2-240) and that the Plaintiff's unlawful conduct began before any injury to the Plaintiff and continued throughout. Wright denies that his conduct was egregious or unlawful.

41. Wright denies the allegations in Paragraph 41 of the Complaint.

42. Wright denies the allegations in Paragraph 42 of the Complaint.

43. Wright denies the allegations in Paragraph 43 of the Complaint.

44. Wright does not have sufficient information to admit the allegations in Paragraph 44 and therefore denies them.

45. Wright denies the allegations in Paragraph 45.

46. Wright does not have sufficient information to admit the allegation of severe injury in Paragraph 46 of the Complaint and therefore denies them and denies that the Plaintiff's injuries were the result of any wrongful or unlawful acts of Wright.

47. In response to Paragraph 47 of the Complaint, Wright admits only that the Plaintiff was transported to the emergency room at LewisGale Alleghany Hospital.

48. Wright does not have sufficient information to admit the allegations in Paragraph 48 of the Complaint and therefore denies them.

49. Wright does not have sufficient information to admit the allegations in Paragraph 49 of the Complaint and therefore denies them.

50. Wright does not have sufficient information to admit the allegations in Paragraph 50 of the Complaint and therefore denies them.

51. Wright admits the allegations in Paragraph 51 of the Complaint.

52. In response to Paragraph 52 of the Complaint, Wright restates his responses to Paragraphs 1-51.

53. Wright admits the allegations in Paragraph 53 of the Complaint.

54. Wright denies the allegations in Paragraph 54 of the Complaint.

55. Wright denies the allegations in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint states a conclusion of law. To the extent a response is required, Wright denies the allegations.

57. Paragraph 57 of the Complaint states a conclusion of law. To the extent a response is required, Wright denies the allegations.

58. Paragraph 58 of the Complaint states a conclusion of law. To the extent a response is required, Wright denies the allegations.

59. Paragraph 59 of the Complaint states a conclusion of law. To the extent a response is required, Wright denies the allegations.

60. Paragraph 60 of the Complaint states a conclusion of law. To the extent a response is required, Wright denies the allegations.

61. Paragraph 61 of the Complaint states a conclusion of law. To the extent a response is required, Wright denies the allegations.

62. Wright denies the allegations in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint states a conclusion of law. To the extent a response is required, Wright denies the allegations.

64. Paragraph 64 of the Complaint states a conclusion of law. To the extent a response is required, Wright denies the allegations.

65. Wright denies the allegations in Paragraph 65 of the Complaint.

66. Wright denies the allegations in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint states a conclusion of law. To the extent a response is required, Wright denies the allegations.

68. Paragraph 68 of the Complaint states a conclusion of law. To the extent a response is required, Wright denies the allegations.

69. Wright denies the allegations in Paragraph 69 of the Complaint.

70. Wright denies the allegations in Paragraph 70 of the Complaint.

71. Wright denies the allegations in Paragraph 71 of the Complaint.

72. Wright denies the allegations in Paragraph 72 of the Complaint.

73. Wright denies the allegations in Paragraph 73 of the Complaint.

74. Wright denies the allegations in Paragraph 74 of the Complaint.

75. In response to Paragraph 75 of the Complaint, Wright restates his responses to Paragraphs 1-74.

76. Wright denies the allegations in Paragraph 76 of the Complaint and denies that he exercised excessive force or acted without legal justification.

77. Wright denies the allegations in Paragraph 77 of the Complaint.

78. Wright denies the allegations in Paragraph 78 of the Complaint and denies that he exercised excessive force or acted without legal justification.

79. Wright denies the allegations in Paragraph 79 of the Complaint and denies that he exercised excessive force or acted without legal justification.

80. Wright denies the allegations in Paragraph 80 of the Complaint and denies that he exercised excessive force or acted without legal justification.

81. Wright denies the allegations in Paragraph 81 of the Complaint.

82. Wright denies the allegations in Paragraph 82 of the Complaint and denies that he battered the Plaintiff.

83. Defendant denies all allegations contained in the Complaint not expressly admitted herein.

**DEFENSES**

84. Wright avers that any claim asserted against him by the Plaintiff is barred by the doctrine of qualified immunity.

85. Wright avers that the Plaintiff's Complaint fails to state against him any claim upon which relief can be granted, and thus, the Complaint should be dismissed.

86. Wright denies that injuries and damages alleged in the Complaint were caused by the acts and omissions of Wright. Thus, the Plaintiff is not entitled to any recovery from Wright.

87. Wright denies that the Plaintiff is entitled to recover from him any compensatory damages, punitive damages, attorneys' fees, interest or costs, or any other sum whatsoever.

88. Wright denies that he violated any legal duty that he may have owed to the Plaintiff under any applicable local, State, or Federal law.

89. Wright denies that he violated the Plaintiff's rights under any applicable provision of the United States Constitution.

90. Wright reserves the right to rely upon, and to request leave to amend this Answer as may be necessary to assert, any and all affirmative or other defenses which may become applicable, up to and including the time of trial, should such be shown by the evidence adduced during discovery or trial.

91. Wright requests a trial by jury.

       Respectfully submitted,

       JAMES R. WRIGHT

       By_____/s/_____
         Of Counsel

Joshua D. Goad
VSB No. 74915
JOHNSON, AYERS & MATTHEWS, PLC
310 First Street, SW, Suite 700
P. O. Box 2200
Roanoke, Virginia 24009
Tel: (540) 767-2070
Fax: (540) 982-1552
Email: jgoad@jamlaw.net
  Counsel for Wright

## CERTIFICATE OF SERVICE

  I certify that on October 10, 2023, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system and mailed a true copy of the same to:

  Matthew W. Broughton, Esq. (VSB No. 25226)
  E. Scott Austin, Esq. (VSB No. 41260)
  Jared A. Tuck, Esq. (VSB No. 98429)
  Gentry Locke Attorneys
  10 Franklin Rd. SE, Suite 900
  P.O. Box 40013
  Roanoke, Va. 24022-0013
  Phone: (540) 983-9300
  Fax: (540) 983-940
  broughton@gentrylocke.com
  saustin@gentrylocke.com
  jtuck@gentrylocke.com
    Counsel for Plaintiff

        _____/s/_____
        Joshua D. Goad