CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
August 01, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSHUA L. BARRICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:23-cv-00551 |
| | ) | |
| JAMES R. WRIGHT, | ) | By: Elizabeth K. Dillon |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant James R. Wright's opposed motion for extension of time to file his opposition to two of plaintiff's motions to exclude experts. (Dkt. No. 32.) For the reasons set forth herein, the court will deem the opposition briefs timely filed.

By way of background, plaintiff Joshua L. Barricks filed two motions in limine to exclude expert opinions of Dr. Darrin Porcher and Capt. Corey Webb, one of which was filed on July 2, 2024, and the other of which was filed on July 3. (Dkt. Nos. 20, 22.) Wright filed opposition memoranda to both motions on July 16. (Dkt. Nos. 27, 28.)

In replies filed thereafter (Dkt. Nos. 30, 31), Barricks argued that the opposition memoranda were untimely because, although they were filed within fourteen days, the court's scheduling order purportedly requires responses to "motions in limine" to be filed within seven days. Although his replies also responded to the substance of the opposition briefs, Barricks argues that because the responses were late, they should not be considered and the motions in limine to exclude the experts should be considered unopposed.

Two days after receiving that reply calling the issue to counsel's attention, Wright sought an extension of time (Dkt. No. 32), which Barricks opposes (Dkt. No. 33). Wright explains that

his counsel interpreted the court's scheduling order as allowing a fourteen-day response period for motions to exclude experts. (Mot. Ext. ¶ 11.) But he seeks an extension if plaintiff's titling of the motions as motions in limine required him to file his opposition briefs within seven days. (*Id.* ¶ 8.) He states that counsel "neglected to consider" that they might be treated as motions in limine and require a response within seven days. (*Id.* ¶ 11.) He argues that he has shown excusable neglect for failing to timely file, and he further cites to authority recognizing the preference for resolving dispositive issues and other important issues on the merits. (*Id.* ¶ 13.) Lastly, he points out that Barricks will suffer no prejudice if the merits of the motions are considered, given the timing. (*Id.* ¶ 14.)

In response, Barricks concedes that there is minimal prejudice to him from allowing the late briefs, but he focuses on his contention that Wright has failed to show "excusable neglect" as he must. (Opp'n Mot. for Ext. 6 (discussing the four-factor test for showing excusable neglect set forth in *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)).) And he cites to numerous cases for the proposition that counsel's misunderstanding of a rule or deadline does not constitute excusable neglect. (*Id.* at 2–4.) He also reiterates some of the arguments raised in his opposition brief regarding untimeliness.

The court must first determine whether the opposition briefs were untimely under the scheduling order. If they were untimely, the court must determine whether Wright has shown excusable neglect for the late filing, which requires consideration of prejudice, the length of the delay and its potential impact on proceedings, the reason for the delay, and whether the movant acted in good faith. *See generally Thompson*, 76 F.3d at 534. The determination "is at bottom an equitable one, taking account of all relevant circumstances." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The court has reviewed its scheduling order (Dkt. No. 11) and believes that it is subject to more than one interpretation, but the court's interpretation is that Wright's opposition briefs were timely. In particular, it is clear, from the deadlines set forth in pages 1 and 2, that the deadline for filing motions to exclude experts and motions for summary judgment is much earlier (80 days before trial) than for motions in limine (21 days before trial). Indeed, even the deadline for *hearing* motions to exclude experts (45 days before trial) is before motions in limine need even be filed. Additionally, in paragraphs 19 and 20, the court treats motions to exclude experts differently than motions in limine. Throughout the order, then, the two are treated differently.

The ambiguity arises because, in paragraph 13, the order sets a 14-day response deadline for "any motion," but it then requires "briefs in opposition to motions in limine or other motions related to trial matters" be filed within 7 days. The court's reason for the compressed timeframe for briefing motions in limine is because the deadline for filing them is much closer to trial and briefing will need to be done more quickly to resolve the motions before trial. By contrast, a motion to exclude experts is required to be filed almost three months before trial, and allows for a normal briefing schedule before the required hearing. Barricks emphasizes, though, that a motion to exclude experts is also technically a motion in limine, and that his motions were so titled.

The court believes that its scheduling order, taken in its entirety, should be read to treat the deadlines for motions to exclude experts differently than motions in limine, including with regard to briefing deadlines. Under what it believes is the natural reading of its order, the court does not believe that an extension is required because the responses were due within 14 days.

The court acknowledges, however, that a reading of paragraph 13 in isolation could result

in confusion, as it has here.[1]  Thus, the order is arguably ambiguous.  To the extent that the court's order is ambiguous and could be construed as setting a 7-day response deadline to these particular motions, the opposition briefs were late.  But the court concludes that counsel's choice of one of two plausible interpretations—and in the face of an ambiguity created by the court—constitutes excusable neglect.  *Accord Graham v. Consol. Coal Co.*, No. 1:13CV00011, 2015 WL 4529847, at *2 (W.D. Va. July 27, 2015) (finding excusable neglect where the interplay of an initial scheduling order and amended scheduling order created a potential ambiguity); *Lynn v. West*, No. 2:94CV00577, 2000 WL 1229752, at *3 (M.D.N.C. Aug. 8, 2000) (finding excusable neglect after concluding that the deadline in the court's local rule was ambiguous).  The court also sees no evidence of bad faith, notes that the length of delay was minimal and its impact on the proceedings non-existent, and agrees with Wright that there is no prejudice to Barricks from considering the merits of the opposition.  In short, and considering all the circumstances here, Wright has shown excusable neglect.

## CONCLUSION AND ORDER

For the foregoing reasons, Wright's motion for extension (Dkt. No. 32) is DENIED AS UNNECESSARY or, in the alternative, is GRANTED.  In either event, Wright's opposition briefs (Dkt. Nos. 27, 28) are deemed timely filed.

Entered: August 1, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

---

[1] To the best of the court's recollection, this issue has not been raised in any of its prior cases, but the court thanks the parties for bringing this potential ambiguity to its attention.  The court will modify its form scheduling order in future cases to make clear that the briefing deadlines on motions to exclude experts, however titled, are not on the compressed briefing schedule.