IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA L. BARRICKS | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) Civil Action No.: 7:23-cv-00551 |
| JAMES R. WRIGHT | ) ) ) |
| *Defendant.* | ) ) |

**PLAINTIFF'S MOTION FOR WRIT OF *HABEAS CORPUS AD TESTIFICANDUM***

Plaintiff Joshua L. Barricks, by counsel, files this Motion for Writ of *Habeas Corpus Ad Testificandum*. In support of this Motion,[1] Mr. Barricks states as follows:

1. Mr. Barricks is currently incarcerated for a sentence unrelated to the March 30, 2022 beating that forms the basis of this lawsuit. Mr. Barricks (Inmate I.D.#:1496493) is incarcerated at Indian Creek Correctional Center, 801 Sanderson Road, Chesapeake, Virginia 23322.

2. The jury trial of this matter is scheduled for October 1-4, 2024 at the Poff Federal Building, which is located at 210 Franklin Road, SW, Roanoke, Virginia 24011. *See* ECF No.11. Mr. Barricks wishes to attend the jury trial in person.

3. The Court has the authority to issue a writ of *habeas corpus ad testificandum* so that Mr. Barricks can be physically present at and testify for his trial. *See* 28 U.S.C. § 2241(a)(c)(5); *see also Muhammad v. Warden, Balt. City Jail*, 849 F.2d 107, 114 (4th Cir. 1988) ("*Habeas corpus ad testificandum* is . . . not territorily limited by 28 U.S.C. § 2241(a).") (quoting *Maurer v. Pitchess*, 530 F. Supp. 77, 79 (C.D. Cal. 1981)); *Wiggins v. Cnty. of Alameda*, 717 F.2d 466, 468 n.1 (9th

---

[1] Pursuant to Local Rule 11(c)(2), Mr. Barricks is not filing a brief with this Motion because it contains the necessary legal and factual argument.

1

Cir. 1983) ("The district court's power to issue a writ of *habeas corpus ad testificandum* to secure the testimony of a state prisoner witness is beyond dispute.").

4. An incarcerated plaintiff has a qualified right to be present for his civil trial. *See Muhammad*, 849 F.2d 107, 111-12. "Ideally . . . a plaintiff should be present at the trial of his action, particularly if, as will ordinarily be true, his own testimony is potentially critical. Not only the appearance but the reality of justice is obviously threatened by his absence." *Id.* at 111.

5. In determining whether to issue a writ of *habeas corpus ad testificandum*, "first consideration should be given to securing the prisoner's presence . . . for trial of his action." *Id.* at 113. According to the Fourth Circuit, other reasonably available alternatives should not be considered, unless securing the prisoner's physical presence is "determined to be infeasible." *Id.*

6. "The Federal Rules of Civil Procedure prefer live, in-person testimony." *Arrastia-Cardoso v. United States*, 2020 U.S. Dist. LEXIS 231150, at *1 (M.D. Fla. Dec. 9, 2020) (citing Fed. R. Civ. P. 43(a) (stating that trial witnesses' testimony "must be taken in open court" by default and cannot be taken elsewhere except "[f]or good cause in compelling circumstances and with appropriate safeguards."))."[R]emote transmission is to be the exception and not the rule." *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 479 (D. Md. 2010). "The importance of presenting live testimony in court cannot be forgotten . . . . The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." Fed. R. Civ. P. 43, Advisory Committee's Note to 1996 Amend.

7. At least one state's highest court has noted, "[I]n-court testimony has persuasive characteristics absent from testimony given out of the presence of the trier of fact. Where the witness's truthfulness is disputed, demeanor can be important. In such cases, denying an in-person hearing denies a party an opportunity to present evidence in the most effective way possible."

20662\0001\12087504v1

*Whitesides v. State*, 20 P.3d 1130, 1137 (Alaska 2001).

      8.      Mr. Barricks's testimony is critical to the trial of this matter, and Mr. Barricks's credibility is at issue. Mr. Barricks intends to testify at trial about his interactions with Defendant prior to the night of the beating, the events immediately prior to the beating, and the nature and extent of his injuries, medical treatment, medical bills, pain and suffering, and inconvenience resulting from the beating. It is important that Mr. Barricks provide his testimony in person given the video evidence in this case. *See* ECF No. 25-4; ECF No. 25-5, ECF No. 25-6, ECF No. 25-7. The lynchpin of this case is whether Mr. Barricks was surrendering prior to Defendant slamming him to the pavement. Mr. Barricks intends to physically demonstrate and point out to the jury his actions of surrender shown in the videos and explain how and why he was surrendering. Mr. Barricks also intends to physically show the jury the areas of his body where he suffered injury and experienced pain, numbness, and limitations due to Defendant's beating.

      9.      Given the importance of Mr. Barricks's in person testimony, his location at a Virginia prison, and the Court's power to transport him, the Court should issue a writ of *habeas corpus ad testificandum*.[2]

For the foregoing reasons, Mr. Barricks respectfully requests that this Court issue a writ of *habeas corpus ad testificandum* instructing the Warden of Indian Creek Correctional Center to transport him to the Federal Poff Building and the appropriate correctional facility for the purposes of his trial participation on October 1-4, 2024.

---

[2] To the extent that the Court has logistical concerns because the trial is set for four days, Mr. Barricks notes that Roanoke City Jail is approximately three-tenths of a mile away from the Poff Federal Building. Additionally, if the Court decides not to allow Mr. Barricks to be physically present for the entirety of his jury trial, Mr. Barricks requests that he be transported to the Poff Federal Building on October 1, 2024 so that he can offer his testimony before the jury.

20662\0001\12087504v1

                                                  **JOSHUA L. BARRICKS**

                                                  By: */s/ Jared A. Tuck*

Matthew W. Broughton (VSB No. 25226)
E. Scott Austin (VSB No. 41260)
Jared A. Tuck (VSB No. 98429)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, Virginia 24022-0013
Telephone: (540) 983-9300
Facsimile: (540) 983-9400
broughton@gentrylocke.com
saustin@gentrylocke.com
jtuck@gentrylocke.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 28, 2024, a copy of the foregoing was electronically filed with the Clerk using the CM/ECF system, which will send notification of such filing to all other counsel of record.

                                                               */s/Jared A. Tuck*